IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SCOTT TORRANCE and ANDREA )
TORRANCE, )
                                   )
       Plaintiffs,                  )         Civil No. 02-592-ST
                                   )
   v.                                )
                                   )
AAMES FUNDING CORPORATION, )         OPINION
                                   )         AND ORDER
      Defendant.                )
                                   )

    Carl D. Crowell
    Attorney at Law
    876 Welcome Way #200
    P.O. Box 923
    Salem, Oregon 97308-0923
        Attorney for Plaintiffs,

    Carter M. Mann
    Michelle K. McClure
    Foster, Pepper & Shefelman
    101 S.W. Main Street, 15th Floor
    Portland, Oregon 97204-3233
        Attorneys for Defendant.

HAGGERTY, Chief Judge:

1   - OPINION AND ORDER

On August 29, 2002, Magistrate Judge Stewart filed her Amended Findings and Recommendation recommending defendant's Motion to Stay Pending Arbitration be denied. Defendant has filed timely objections. Motions to stay proceedings to enforce arbitration provisions are non-dispositive pre-trial matters. *See Touton, S.A. v. M.V. Rizcun Trader*, 30 F.Supp. 2d 508, 509 (E.D. Pa. 1998); *Herko v. Metropolitan Life Ins. Co.*, 978 F.Supp. 141, 142-43 n.1 (W.D.N.Y. 1997). The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). When either party objects to any portion of a Magistrate Judge's Findings and Recommendation on a non-dispositive motion, the district court determines whether the Magistrate Judge's report is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the court adopts the Amended Findings and Recommendation. Defendant's Motion to Stay Pending Arbitration (doc. #4) is DENIED.

## THE AMENDED FINDINGS AND RECOMMENDATION

The facts of this case are described in the Amended Findings and Recommendation and need not be repeated. The Magistrate Judge found three provisions in the Agreement to Arbitrate to be unconscionable: (1) the limitation on damages; (2) the confidentiality clause; and (3) the fact that plaintiffs would be required to pay a portion of the arbitrator's fee. Amended Findings and Recommendation at 21. The Magistrate Judge concluded that the Agreement was so permeated by these unconscionable factors as to preclude enforcement of any aspect of the agreement.

///

**DISCUSSION**

The Magistrate Judge's decision to deny the Motion to Stay Pending Arbitration was not clearly erroneous or contrary to law. First, defendant asserts that the limitation on damages provision imposes no actual limitation on plaintiffs' right to recovery because plaintiffs are not entitled to damages under Oregon's Unfair Trade Practices Act, O.R.S. 646.605 *et. seq*. (UTPA). As plaintiffs point out, however, Oregon law allows claims under the UTPA for loan services. *Cullen v. Investment Strategies, Inc.* 139 Or. App. 119, 911 P.2d 936 (1996). Therefore, the Magistrate's finding that the limitation on damages is unconscionable is proper. *See Circuit City Stores, Inc. v. Adams*, 279 F.3d 889 (9th Cir. 2002), *cert. denied,* 122 S. Ct. 2329 (2002).

Second, defendant argues that the confidentiality clause is not unconscionable because the arbitration agreement will have little or no implications for the public at large. The Magistrate Judge concluded that defendant is similar to the defendant in *Ting v. AT&T,* 182 F. Supp. 2d 902, 931 (N.D. Cal. 2002), because defendant stands in a "vastly superior legal posture" and fails to give a rationale for the confidentiality provision. Her finding that the confidentiality clause is unconscionable based on these similarities is not clearly erroneous.

Third, defendant contends that plaintiffs failed to show they would be required to pay prohibitively expensive arbitration fees and argues that the Magistrate Judge could not, as a matter of law, find the Agreement to Arbitrate unconscionable because of its fee provisions. It is true that the Supreme Court ruled recently that plaintiffs opposing arbitration must at least make a showing that they would bear large arbitration costs. *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000). Unlike the situation in *Green Tree*, however, it is undisputed that plaintiffs would have owed

at least $375 in arbitrator's fees. It is not "too speculative" that plaintiffs would have had to pay arbitrator's fees.

Additionally, the Magistrate found that *Circuit City Stores v. Adams,* in which the Ninth Circuit held an applicant for employment cannot be required to arbitrate claims if the agreement requires the applicant to pay part of the arbitrator's fees, applies in claims under other federal statutes, as well. *See* 279 F.3d at 895. The Ninth Circuit has not limited the holding of *Circuit City Stores* to employment disputes. Accordingly, the Magistrate's conclusion that the fee provision in the Arbitration Agreement was unconscionable withstands defendant's objections.

The Magistrate Judge concluded that these three provisions so permeated the Agreement to Arbitrate with unconscionability as to render it invalid. While defendant is correct that a court must resolve any doubts regarding the scope of arbitrable issues in favor of arbitration, the Magistrate Judge carefully evaluated the Agreement to Arbitrate and properly concluded that the agreement created a unified procedure for resolving disputes and that the three unlawful provisions are nonseverable. Her decision to refuse to enforce the Agreement to Arbitrate was not clearly erroneous or contrary to law.

## CONCLUSION

The court adopts the Magistrate Judge's Amended Findings and Recommendation (doc. #21). The Motion to Stay Pending Arbitration (doc. #4) is DENIED.

**IT IS SO ORDERED.**

Dated this   25   day of November, 2002.

                                            /s/ Ancer L. Haggerty
                                           Ancer L. Haggerty
                                           United States District Judge

4   - OPINION AND ORDER